## DYER v. RADERMACHER.

(Supreme Court, Appellate Division, Second Department.   March 4, 1910.)

1. MASTER AND SERVANT (§ 281*)—INJURY TO EMPLOYÉ—CONTRIBUTORY NEG-
LIGENCE—EVIDENCE.

Evidence *held* insufficient to show that an employé, whose hand was cut off in a machine at which he worked, was free from contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 987–996; Dec. Dig. § 281.*]

2. MASTER AND SERVANT (§ 239*)—INJURY TO EMPLOYÉ—CONTRIBUTORY NEG-
LIGENCE.

If an employé put his hand into a moving machine, when its rollers were in motion, without waiting for it to come to rest, when an act which he was required to do in connection therewith could have been done, he was chargeable with contributory negligence as to a resulting injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 749, 750; Dec. Dig. § 239.*]

Hirschberg, P. J., dissenting.

Appeal from Trial Term, Kings County.

Action by James Dyer against John L. Radermacher. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, THOMAS, and RICH, JJ.

William A. Jones, Jr., for appellant.
John B. Stanchfield, for respondent.

JENKS, J. This action is by servant against master for negligence. The plaintiff had worked for a month at a machine whose rollers, set with teeth, tore apart matted hair placed therein in one room, and then blew it out upon the floor of a second room. The plaintiff testifies that

one of his instructions was to pick out of the machine any hair not blown out. He had done so without harm until the instance of which he complains, when his attempt resulted in the cutting off of his hand. Even the plaintiff testified that he was instructed to stop the machine before he went into the second room, and he also testified that the machine was at rest when he received the instruction to pick out the hair. The machine was stopped, so far as power was shut off, by the shifting of a belt by this plaintiff, and necessarily in the first room. Hence it would follow that there could be no question of defect or error in the instruction as to picking out hair, which must be done in the second room, but for the fact, known both by servant and master, that the shifting of the belt did not stop the machine, so that its motion ceased at once, but the rollers continued to move for a short time, until momentum died. Under such conditions the plaintiff could have stopped the machine—i e., have shut off the power—and yet have gone to his work in the second room, and could have thrust his hand into the machine to pick out the hair when its rollers still were in revolution. This condition is in the version of the plaintiff. And so the learned court submitted the question to the jury whether the instruction involved an element of risk unknown to the plaintiff. The question then was whether the defendant fell short of proper instruction in his omission to warn the plaintiff that it was dangerous if he put in his hand into the machine to pick out hair while the rollers were in motion.

But I think that the evidence is not sufficient to support a conclusion that the plaintiff was free from contributory negligence. He understood fully that the machine consisted of iron rollers set with teeth, which revolved to tear the hair into pieces, but he testifies that, looking into the back of the machine, he could not see the machinery, the rollers, or the teeth at all; that he did not know they were there, or that there was any machinery there; that there was nothing there but blackness. The back of the machine projected into the second room, which was about 5 feet by 8 feet in dimensions, and lighted by a window. Artificial light was not used in that room. The testimony of the foreman, of Mr. Smith, a merchant familiar with the premises and the machine, of Ryan, and of Liken, a former employé, is that the rollers and the teeth were plainly and distinctly visible from all parts of this room; and the photograph taken under conditions which point to its accuracy strongly corroborates their testimony. I think that the great preponderance of evidence is that these rollers and their teeth must have been seen by any one who had observed the machine. It hardly seems credible that one could have worked upon it and about it for a month without seeing them. Such an injury must have come when the rollers were in motion. There is no suggestion that there was any danger in picking out the hair when the teeth were at rest, and, as I have said, the plaintiff had picked out hair at other times without injury. If the plaintiff put his hand into the moving machine when its rollers were in motion (an act necessarily required of him at that time by his work), without waiting for the machine to come to rest, when the act could have been done, I think that he was chargeable with

contributory negligence. Hickey v. Taaffe, 105 N. Y. 26, 12 N. E. 286; Buckley v. Gutta Percha, etc., Co., 113 N. Y. 540, 21 N. E. 717; Crown v. Orr, 140 N. Y. 450, 35 N. E. 648. I may add that the testimony of six fellow workers is that almost immediately after the accident the plaintiff said that it was his own fault. This was not denied by the plaintiff, although the physician who saw him shortly after the accident testified that he did not think the plaintiff could talk intelligently, and a policeman who saw the plaintiff about the same time testifies that he could not elicit answers to questions.

The judgment must be reversed, and a new trial must be granted; costs to abide the event. All concur, except HIRSCHBERG, P. J., who dissents.