. DYER v. RADERMACHER.

(Supreme Court, Appellate Division, Second Department. November 10, 1911.)

1. MASTER AND SERVANT (§ 155*)—INSTRUCTIONS TO SERVANT—OBVIOUS DANGER.

  Instruction is unnecessary when the exercise of ordinary intelligence and reasonable observation would convey to the servant all of the knowledge as to existing danger and the probable injuries resulting therefrom which instructions would impart.

  [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 310; Dec. Dig. § 155.*]

2. MASTER AND SERVANT (§ 243*)—CONTRIBUTORY NEGLIGENCE—USE OF CUT-
   TING MACHINE.
     A servant engaged in running a cutting machine for renovating hair
   mattresses was instructed to put his hand in an opening of the rear
   of the machine to take out lumps of hair not blown out, and was also
   instructed to shut off the power while so doing. The servant knew
   that the machine would run for a minute or two after shutting off the
   power. *Held*, that the servant was negligent in putting his hand into
   the opening while the machine was running, whereby his hand and arm
   were caught by the teeth of the roller in proximity to the opening.
     [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§
   682, 759–775; Dec. Dig. § 243.*]
     Hirschberg, J., dissenting.

Appeal from Trial Term, Kings County.

Action by James Dyer against John L. Radermacher. From a judg-
ment for plaintiff and from an order denying defendant's motion for
a new trial, defendant appeals. Judgment and order reversed, and
new trial granted.

See, also, 136 App. Div. 688, 121 N. Y. Supp. 418.

Argued before JENKS, P. J., and BURR, WOODWARD, RICH,
and HIRSCHBERG, JJ.

William A. Jones, Jr., for appellant.

John F. McIntyre (M. Spencer Bevins, on the brief), for respond-
ent.

BURR, J. This is a common-law action of servant against master.
In his verified complaint plaintiff asserts the violation of almost every
recognized duty of the latter toward the former. Upon the trial not
the slightest effort was made to sustain any of the allegations made
under the sanctity of an oath, except the failure to instruct in the
use of a dangerous machine, the danger of which was not apparent.

[1] Instruction is unnecessary when the exercise of ordinary in-
telligence and reasonable observation would convey to the servant all
of the knowledge as to existing dangers and the probable injuries
resulting therefrom, which instruction would impart. Plaintiff was
a mature man. For several weeks prior to the date of his injury,
he had been employed for the greater portion of the time in operating
the machine upon which he was injured. He himself describes it
as a "cutting machine." He needed not to be told that, if he placed
his hand against the knives, he would be hurt. Defendant was en-
gaged, among other things, in renovating hair mattresses. It was
plaintiff's duty to rip these old mattresses, take from the ticking the
matted hair which was dirty and frequently full of hard "clakes" or
"lumps," and then feed it into the machine. The front of the machine
in which the material was placed was in the main room, and the back
part of the machine, out of which the material came, was in another
and smaller room; there being a partition about the center of the
machine. After being placed in the machine, the material passed
between rollers upon which were knives or teeth which tore it apart,
and then, by air pressure, the hair and dirt and dust were blown out
of an opening in the back part of the machine into the smaller room.

─────────────────────────────────────────────────────────────────
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This opening was about three feet long by a foot and a half wide. To quote from plaintiff's testimony, if a mattress had not "been cleaned for some years, it would come out in lumps, it would force itself out through the rollers, * * * it would come in lumps as big as your fist, force itself underneath the rollers, and then it wouldn't get blown out. * * * It would lay in the back of the machine." He further testified that he was instructed under such circumstances to put his hand into this opening, and take out the material which had accumulated. He admitted, however, that he was also instructed to shut off the power from the machine and to stop it before going around into the rear room to remove these lumps which had not been broken while passing through the rollers. Upon the day in question he left the front of the machine, went into the rear room, thrust his hand into the opening while the machine was running. It was caught between the teeth of the rollers, and taken off between the wrist and the elbow joint. Plaintiff claims that he did not know that any portion of the machinery which tore and pulled apart this matted hair was in proximity to the place where he put his hand, and that he could not see the teeth upon the rollers which inflicted the injury. In view of the testimony furnished by the photographs of the machine, and that of numerous witnesses called by the defendant, some of them wholly disinterested, these statements are incredible, and this was the view taken by this court upon the former appeal. Dyer v. Rademacher, 136 App. Div. 688, 121 N. Y. Supp. 418. Plaintiff now claims that the light was obscured by dirt upon the window panes, and by the dust and dirt flying about the rear room. But he testified that he waited in the back room for the dust to settle, although when he approached the machine "it didn't all quite settle down." But he saw distinctly the lumps of hair in the opening of this machine before he put his hand in, and, if he could see dark objects like these, it is quite incredible that he could not see the brighter and more glistening steel teeth in the immediate proximity.

[2] But, if we should accept plaintiff's testimony as true, he is not entitled to recover. His instructions were to shut off the power from the machine and to stop it before leaving it in order to enter the rear room and attempt to remove the clotted material which had not been blown out of the machine. This was not an idle ceremony. Some purpose was to be subserved by it. Manifestly it was to avoid danger. If it be true, as he claims, that the foreman told him that there was no danger in putting his hand into the opening, that statement must be construed in connection with the instruction conceded to have been given to him to stop the machine before doing so. Plaintiff claims that he did shut off the power on this occasion. As to this there is a sharp conflict of evidence. But he admits that he knew that the machine would run for a minute or two after the belt was thrown off, and that, when he thrust his hand into the hole, he did not know whether it had stopped or not. The happening of the accident demonstrates that it had not. The court correctly charged the jury that:

"If the plaintiff, in disregard of the foreman's instructions to stop the machine before going into the rear room, did go in and put his hand into the moving machine, where these rollers were, without waiting for the machine

to come to rest, which he should have done, he was guilty of contributory negligence."

As there is no conflict of evidence that he did that very thing, plaintiff's complaint should have been dismissed.

The judgment and order denying the motion for a new trial should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., and WOODWARD and RICH, JJ., concur. HIRSCHBERG, J., dissents.